STATE of Oklahoma, ex rel. Steven S. SUTTLE, District Attorney, Petitioner,

v.

The DISTRICT COURT OF JACKSON COUNTY and the Honorable Ray L. Jones, Jr., District Judge, Respondent.

No. P–90–0243.

Court of Criminal Appeals of Oklahoma.

May 15, 1990.

## ORDER GRANTING WRIT OF PROHIBITION IN PART

On March 8, 1990, petitioner, Steven S. Suttle, District Attorney for the Third Judicial District, State of Oklahoma and for Jackson County, filed a pleading in this Court asking for extraordinary relief. The State requested that this Court grant a writ prohibiting defense counsel in *State of Oklahoma v. George Wayne Loftis,* Case No. CRF–89–223, Jackson County, from examining child abuse records held by the Department of Human Services. On February 27, 1990, the Jackson County District Court granted the defendant's motion and ordered the production of those records to defense counsel. On March 15, 1990, we ordered a response from the District Court of Jackson County which it timely filed. On April 6, 1990, we granted leave for the Department of Human Services to file an amicus curiae brief on the issues raised in this matter which was filed the same day. We grant this writ of prohibition, but only insofar as the records are not to be turned over to defense counsel. We do order that the records be turned over to the Jackson County District Court for inspection by the trial court for any exculpatory evidence.

In its brief, petitioner alleges that these records are privileged as set by statute. Title 21 O.S.Supp.1987, § 846 states: "All records concerning child abuse shall be confidential and shall be open to inspection only to persons *duly authorized by the state* or United States *in the connection with the performance of their official duties."* (emphasis added) Petitioner contends that defense counsel is not authorized to examine these records because counsel has no official duty to do so and the information is privileged. We agree, however the importance of these records to the criminal proceedings involved in this case require some method by which to ferret out any exculpatory evidence that may be present in them.

The Oklahoma Supreme Court recently held in *State ex rel. Department of Human Services v. Brock,* 771 P.2d 996 (Okl. 1988), that the Comanche County District Court was not authorized to grant a plaintiff's motion to allow them to discover who had filed a child abuse complaint against them with the Department of Human Services. The plaintiffs were not "duly authorized by the state" to examine the child abuse records, therefore the district court could not extend that authorization to them. The same is true in this case. The Jackson County District Court was not authorized to issue the order allowing defense counsel to examine the child abuse records. Public policy requires that these type of records be protected and held confidential.

This confidentiality, however, is not absolute and other interests can override that public policy. In fact, when enacting 21 O.S.Supp.1987, § 846, the legislature recognized that there may be instances when disclosure is necessary, such as for law enforcement investigations. The United States Supreme Court held in *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), that although the defendant did not have a right to have his attorney examine the child abuse records, his interest, along with the state's interest, in ensuring a fair trial required that the trial court examine the file to determine what was material to the case. That Court

also ruled that the duty of the trial court to disclose material information from the records was ongoing as the proceedings progressed. "To allow full disclosure to defense counsel in this type of case would sacrifice unnecessarily the [State's] compelling interest in protecting its child abuse records." *Id.*, 480 U.S. at 60, 107 S.Ct. at 1003, 94 L.Ed.2d at 59. However, "[a]n *in camera* review by the trial court will serve [the defendant's] interest without destroying the [State's] need to protect the confidentiality of those involved in child-abuse investigations." *Id.*, 480 U.S. at 61, 107 S.Ct. at 1004, 94 L.Ed.2d at 60.

This Court finds that this writ of prohibition shall be granted insofar as the records held by the Department of Human Services concerning the deceased child and the parents shall not be turned over to defense counsel. Rather the same shall be turned over to the respondent district judge *in camera,* whereupon he shall determine if there exists any exculpatory evidence within the records that pertains to the facts of this case, keeping in mind the confidentiality of those who may not be parties to the criminal proceedings. If the respondent district judge finds that such evidence exists, then he shall turn over copies of same to both defense counsel and the district attorney. This procedure must precede the commencing of the trial on this matter, *State of Oklahoma v. George Wayne Loftis,* Case No. CRF–89–223, by ten (10) days, thereby giving counsel on both sides an opportunity to examine any material that the judge may disclose.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS
Presiding Judge

/s/ James F. Lane
JAMES F. LANE
Vice Presiding Judge

/s/ Tom Brett
TOM BRETT
Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON
Judge